**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Raymond Kuyat, | No. CV-24-00513-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff challenges the denial of his application for benefits under the Social Security Act ("the Act") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed Plaintiff's opening brief (Doc. 13), the Commissioner's "Brief Requesting Remand" (Doc. 17), and Plaintiff's reply (Doc. 18), as well as the Administrative Record (Docs. 9-12, "AR"), and now reverses the Administrative Law Judge's ("ALJ") decision and remands for calculation of benefits.

**RELEVANT BACKGROUND**

Plaintiff, who is currently 64 years old, has a college degree and worked for many years as a mechanical engineer. (AR at 347, 629.)

In January 2015, Plaintiff filed an application for disability insurance benefits, eventually alleging a disability onset date of April 4, 2014. (*Id.* at 640-42.) Because Plaintiff's date last insured ("DLI") is March 31, 2016, Plaintiff is effectively seeking disability benefits for the roughly two-year period between when he was 51-53 years old. (*Id.* at 618, 629.)

The basis for Plaintiff's disability claim is "multilevel degenerative disease surgically treated with fusions, and degenerative joint disease of the shoulder treated surgically." (*Id.* at 618.) During his first hearing before the ALJ, which occurred in August 2017, Plaintiff testified that he is unable to work due to the pain arising from these conditions. (*Id.* at 81-82.) Four of Plaintiff's treating physicians also opined that Plaintiff suffers from work-preclusive limitations as a result of these conditions. First, on January 13, 2014, one of Plaintiff's primary care physicians, Carlton A. Richie, III, D.O., completed a "Residual Functional Capacity Form" setting forth work-preclusive opinions. (*Id.* at 431-33.) Second, on December 30, 2015, another of Plaintiff's primary care physicians, Cedric W. McClinton, M.D., completed a "Residual Functional Capacity Form" setting forth work-preclusive opinions. (*Id.* at 497-99.) Additionally, on January 28, 2017, Dr. McClinton completed a form entitled "Medical Assessment of Ability to Do Work-Related Physical Activities" containing work-preclusive opinions. (*Id.* at 505-06.) Third, on April 4, 2016, Plaintiff's surgeon, Christopher Yeung, M.D., completed a "Residual Functional Capacity Form" setting forth work-preclusive opinions. (*Id.* at 502-04.) And fourth, on July 3, 2017, Plaintiff's pain management doctor, Nikesh Seth, M.D., completed a form entitled "Medical Assessment of Ability to Do Work-Related Physical Activities" containing work-preclusive opinions. (*Id.* at 525-26.)

On March 21, 2018, the ALJ issued an unfavorable decision concluding that Plaintiff is not disabled. (*Id.* at 13-28.) In reaching that conclusion, the ALJ chose to discredit Plaintiff's symptom testimony (*id.* at 21-22), deemed Dr. Ritchie's opinions "not persuasive," "extreme," and "not consistent with the evidence as a whole" (*id.* at 23-24); deemed Dr. McClinton's opinions "not persuasive" and "not consistent with the evidence as a whole" (*id.*); deemed Dr. Yeung's opinions "not persuasive" and "not entitled to significant weight for a number of reasons" (*id.* at 23); and deemed Dr. Seth's opinions "not persuasive" and entitled to "little weight" (*id.* at 23-24). In contrast, the ALJ chose to assign "partial weight" to the less-restrictive opinions of the consultative examiner, Robert Gordon, D.O. (*Id.* at 23.)

- 2 -

1         In February 2019, Plaintiff appealed the unfavorable March 2018 decision to this

2    Court.  (*Kuyat v. Comm'r of Soc. Sec. Admin.*, 21-cv-00945-SMB (D. Ariz.") [hereinafter,

3    "*Kuyat I*"].)  In his opening brief, Plaintiff raised five assignments of error: (1) the ALJ

4    failed to provide legally sufficient reasons for discrediting Dr. Ritchie's opinions; (2) the

5    ALJ failed to provide legally sufficient reasons for discrediting Dr. McClinton's opinions;

6    (3) the ALJ failed to provide legally sufficient reasons for discrediting Dr. Yeung's

7    opinions; (4) the ALJ failed to provide legally sufficient reasons for discrediting Dr. Seth's

8    opinions; and (5) the ALJ failed to provide legally sufficient reasons for discrediting

9    Plaintiff's symptom testimony.  (*Kuyat I*, Doc. 17 at 1.)  Plaintiff also argued that the

10    appropriate remedy for these errors was a remand for calculation of benefits.  (*Id.* at 27.)

11         On October 6, 2021, Judge Brnovich issued a final decision in which she agreed

12    with all five of Plaintiff's assignments of error, concluding that the ALJ had failed to

13    provide legally sufficient reasons for discrediting the opinions of all four treating

14    physicians and had also failed to provide legally sufficient reasons for discrediting

15    Plaintiff's symptom testimony.  (*Kuyat I*, Doc. 25 at 4-6.)  Judge Brnovich further

16    concluded that the proper remedy was a remand for further proceedings, rather than a

17    remand for calculation of benefits, because "although the ALJ erred by not providing

18    specific and legitimate reasons for rejecting the treating physicians testimony and by not

19    providing specific, clear and convincing reasons for rejecting Plaintiff's symptom

20    testimony, there remains doubt as to whether Plaintiff is disabled."  (*Id.* at 7.)

21         On December 7, 2022, following the remand, Plaintiff had a new hearing before the

22    same ALJ.  (AR at 638-67.)  As in his earlier hearing in August 2017, Plaintiff testified

23    that his pain prevented him from working during the time period in question.  (*Id.* at 649-

24    57.)

25         On January 17, 2023, the ALJ issued the decision at issue here, which once again

26    denied Plaintiff's claim for benefits.  (*Id.* at 614-31.)  As in the previous decision, the ALJ

27    discredited Plaintiff's symptom testimony; discredited the opinions of Plaintiff's four

28    treating physicians, Dr. Ritchie, Dr. McClinton, Dr. Yeung, and Dr. Seth; and assigned

1    partial weight to the less-restrictive opinions of the consultative examiner, Dr. Gordon.  (*Id.*
2    at 622-28.)

3                              **THE PARTIES' ARGUMENTS**

4            In his opening brief, Plaintiff argues—just as he did in *Kuyat I*—that the ALJ failed
5    to provide legally sufficient reasons for discrediting the opinions of his four treating
6    physicians and for discrediting his symptom testimony.  (Doc. 13 at 1.)  Plaintiff also
7    challenges the sufficiency of the ALJ's reasoning for partially crediting the opinions of Dr.
8    Gordon.  (*Id.* at 21 n.4.)  As in *Kuyat I*, Plaintiff argues that the proper remedy for these
9    errors is a remand for calculation of benefits.  (*Id.* at 25.)

10           In response, the Commissioner concedes error.  (Doc. 17 ["Defendant's Answering
11   Brief Requesting Remand"].)  More specifically, the Commissioner agrees with Plaintiff
12   that the ALJ committed harmful error when evaluating Dr. Gordon's opinions.  (*Id.* at 5-
13   6.)  As for Plaintiff's remaining assignments of error, the Commissioner offers only a
14   cursory defense of the ALJ's rationale for rejecting the opinions of three of Plaintiff's
15   treating physicians (*id.* 8-10) and for rejecting Plaintiff's symptom testimony (*id.* at 10-11)
16   and wholly fails to address Plaintiff's arguments regarding the ALJ's rationale for rejecting
17   the opinions of Plaintiff's fourth treating physician, Dr. Yeung.   Most of the
18   Commissioner's brief is focused on attempting to explain why, "[e]ven if the Court finds
19   error" with respect to those additional issues, the appropriate remedy is a remand for further
20   proceedings rather than a remand for calculation of benefits.  (*Id.* at 4-12.)

21           In reply, Plaintiff argues that the Commissioner's requested remedy is
22   impermissible in light of this case's "protracted procedural history," as it was already
23   "remanded back in October 2021 for the same legal errors argued in this proceeding. . . .
24   Despite the relevant time period taking place some eight years ago, with comprehensive
25   evidence for the time period at issue, . . . the Commissioner wants to take another look
26   . . . ."  (Doc. 18 at 1-2.)  Plaintiff also accuses the Commissioner of "fail[ing] to provide a
27   meaningful defense to the errors in the ALJ's evaluation of [Plaintiff's] symptom testimony
28   or the multiple treating physician work-preclusive assessments."  (*Id.* at 2-3, 8-11.)  Finally,

Plaintiff seeks to distinguish the Commissioner's cited cases.  (*Id.* at 4-8.)

## DISCUSSION

Under Ninth Circuit law, the appropriate remedy in a Social Security appeal is almost always a remand for further proceedings.  *Leon v. Berryhill*, 880 F.3d 1041, 1044-45 (9th Cir. 2017) (noting that "[w]hen the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits" and that "[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule").  However, in a very small subset of cases, the appropriate remedy is a remand for calculation of benefits.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) ("[O]ur jurisprudence . . . requires remand for further proceedings in all but the rarest cases.").

In the Court's view, this is one of those very rare cases in which the latter form of remedy is appropriate.  Although "[t]he credit-as-true analysis has evolved in our circuit over time, thus providing a challenge for application by the district court," *Leon*, 880 F.3d at 1044, the Ninth Circuit recently clarified that "[t]he credit-as-true rule has three steps.  First, we ask whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.  Second, we determine whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful.  And third, if no outstanding issues remain and further proceedings would not be useful, only then do we have discretion to find the relevant testimony credible as a matter of law.  Even if all three steps are met, the decision whether to remand a case for additional evidence or simply to award benefits is in our discretion." *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (cleaned up).  A district court properly exercises its discretion to remand for further proceedings where "there is serious doubt as to whether [the claimant] is disabled." *Leon*, 880 F.3d at 1048.  *See also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("[E]ven if all three

1    requirements are met, we retain flexibility in determining the appropriate remedy.  We may

2    remand on an open record for further proceedings when the record as a whole creates

3    serious doubt as to whether the claimant is, in fact, disabled within the meaning of the

4    Social Security Act.") (cleaned up).

5         All three steps of the credit-as-true rule are satisfied here.  Step one is satisfied for

6    multiple reasons.  As an initial matter, the Commissioner concedes that a remand is

7    warranted due to the ALJ's failure to provide legally sufficient reasons for partially

8    crediting the opinions of Dr. Gordon.  (Doc. 17 at 5-6.)  Additionally, Plaintiff has

9    established that the ALJ also failed to provide legally sufficient reasons for discrediting

10   other evidence.  In his opening brief, Plaintiff identified multiple reasons why the ALJ's

11   analysis of five categories of evidence—the opinions of Plaintiff's four treating physicians,

12   Drs. Ritchie, McClinton, Yeung, and Seth, and of Plaintiff's symptom testimony—should

13   be deemed deficient.  (Doc. 13 at 13-24.)  The Commissioner, in turn, barely responded to

14   those arguments, instead choosing to argue that "[e]ven if the Court finds error (which the

15   Commissioner does not concede), remand for further proceedings is the proper remedy."

16   (Doc. 17 at 7.)  Additionally, although the Commissioner offered a cursory response to

17   some of Plaintiff's arguments regarding the opinions of Drs. Ritchie, McClinton, and Seth

18   and regarding Plaintiff's symptom testimony (*id.* at 8-11), the Commissioner entirely failed

19   to address Plaintiff's arguments regarding Dr. Yeung.

20        As for the second step, the Court cannot see how further administrative proceedings

21   would be useful in light of the unusual posture of this case.  In March 2018, the ALJ issued

22   an unfavorable decision denying Plaintiff's claim for disability benefits, but Judge

23   Brnovich reversed and remanded for further proceedings because the ALJ had failed to

24   provide legally sufficient reasons for discrediting the opinions of all four of Plaintiff's

25   treating physicians and had also failed to provide legally sufficient reasons for discrediting

26   Plaintiff's symptom testimony.  In January 2023, following the remand, the ALJ issued

27   another unfavorable decision, but the Commissioner now concedes that the latest decision

28   cannot be affirmed due to at least one undisputed error.  Moreover, the Commissioner fails

to meaningfully address Plaintiff's arguments regarding other asserted errors, including an error in analyzing Dr. Yeung's work-preclusive opinions (which was also one of the reasons why Judge Brnovich reversed the earlier decision).  It would not serve a useful purpose to authorize two sequential remands so the ALJ can make yet another attempt to correctly analyze the dated medical opinion evidence at issue here.  *Cf. Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("The ALJ's determination . . . was in error [and] . . . [a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.  Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.  Requiring remand for further proceedings [here] . . . would contribute to waste and delay and would provide no incentive to the ALJ to fulfill her obligation to develop the record.") (citations omitted).

For related reasons, the Court concludes for purposes of the third step that at least Dr. Yeung's opinions should be deemed credible as a matter of law.  This determination, in turn, supports a finding of disability, as it is undisputed that Dr. Yeung opined to work-preclusive limitations.

The final inquiry is whether the Court should exercise its discretion to remand for further proceedings even though all three steps of the credit-as-true test are satisfied.  The Court recognizes that it likely could follow that approach here.  As the Commissioner notes (Doc. 17 at 7-8), certain other medical sources rendered opinions that conflict with the more-restrictive opinions of Dr. Yeung and Plaintiff's other treating physicians.  The Ninth Circuit has indicated that a district court has discretion to decline to remand for calculation of benefits under these circumstances.  *See, e.g., Washington*, 72 F.4th at 1042 (concluding that "the district court did not abuse its discretion in remanding to the Commissioner to resolve the contested issues" where there was a "conflict between Washington's treating doctor and the consulting medical expert").  As a result, this Court's usual approach, in

cases in which the ALJ failed to properly analyze opinion evidence, is to make a discretionary choice to remand for further proceedings if the record contains evidence of conflicting medical opinions, some of which would not support a finding of disability.  *See, e.g., Masterson v. Comm'r of Soc. Sec. Admin.*, 2024 WL 4234648, *13 (D. Ariz. 2024) (concluding that "even if step two were satisfied" based on "the ALJ's failure to provide legally sufficient reasons for discrediting the opinions of Dr. Higgins," the Court "would decline in its discretion to order a remand for benefits" in part because the ALJ "accepted the opinions of other medical sources who opined to less restrictive limitations"); *Ainsworth v. Comm'r of Soc. Sec. Admin.*, 2024 WL 3271706, *4 (D. Ariz. 2024) (same).  Nevertheless, due to the unusual posture of this case, the Court chooses to exercise its discretion to remand for calculation of benefits.  The Court does not harbor any serious doubt that Plaintiff is disabled and cannot fathom how it would be fair or just to require Plaintiff to submit to yet another remand under these circumstances.[1]

Accordingly,

**IT IS ORDERED** that the decision of the ALJ is **reversed**.  This matter is **remanded** for calculation of benefits.  The Clerk shall enter judgment accordingly and terminate this action.

Dated this 21st day of October, 2024.

Dominic W. Lanza
United States District Judge

---

[1]     The Court also remanded for calculation of benefits in another recent case in which the Commissioner conceded error but requested a remand for further proceedings even though the case had already been remanded previously.  There, similar to here, the Court concluded that the Commissioner's requested remedy was improper because it "would effectively force Plaintiff to wait more than a half-decade for a disability determination so that a series of ALJs can make repeated attempts to correctly analyze a medical opinion issued during the previous decade."  *Kaskie v. Comm'r of Soc. Sec. Admin.*, 23-cv-02408-DWL, Doc. 18 at 7.